J. SCOTT MOEDE, Oregon State Bar ID Number 934816
Chief Deputy City Attorney
Email:  Scott.Moede@portlandoregon.gov
KENNETH A. MCGAIR, Oregon State Bar ID Number 990148
Senior Deputy City Attorney
Email:  Ken.McGair@portlandoregon.gov
DENIS VANNIER, Oregon State Bar ID Number 044406
Deputy City Attorney
Email: Denis.Vannier@portlandoregon.gov
SIMON WHANG, Oregon State Bar ID Number 035282
Deputy City Attorney
Email: Simon.Whang@portlandoregon.gov
Office of City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR  97204
Tele:  503-823-4047
Fax:  503-823-3089
        *Of Attorneys for Plaintiff City of Portland*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **CITY OF PORTLAND, OREGON,** a municipal corporation of the State of Oregon, | **COMPLAINT FOR DECLARATORY JUDGMENT OF UNLAWFUL ACTIVITY, INJUNCTIVE RELIEF TO ENSURE UNLAWFUL ACTIVITY CEASES, STATUTORY VIOLATIONS, AND TO REDUCE FINES AND PRESUMPTIVE TAXES TO JUDGMENT** |
| **PLAINTIFF,** | |
| v. | |
| **HOMEAWAY.COM, INC.,** a Delaware corporation, and **HOMEAWAY, INC.,** a Delaware corporation | *Jury Trial Demanded* |
| **DEFENDANTS.** | |

Plaintiff City of Portland, a municipal corporation of the State of Oregon, alleges as follows:

## NATURE OF ACTION

1.

This is an action by the City of Portland against defendants for declaratory relief,

Page  1  –    COMPLAINT FOR DECLARATORY JUDGMENT

injunctive relief, statutory violations, and to reduce fines and presumptive tax assessments to judgment for defendants' failure to comply with the provisions of Chapter 6.04 of the Portland City Code entitled "Transient Lodgings Tax".

2.

Defendants and VRBO.com (a website operated by defendants) (hereinafter collectively "HomeAway") operate in the City of Portland, Oregon as Booking Agents and/or Operators of short-term rentals.  HomeAway does not, however, comply with the applicable laws adopted by the City of Portland, Oregon for providing short-term rentals for transient lodging occupancy.

3.

This lawsuit seeks declaratory relief that HomeAway is subject to and in violation of the provisions of the City of Portland's Transient Lodgings Tax found in Portland City Code (hereinafter "PCC") Chapter 6.04 and seeks an injunction against HomeAway prohibiting it from conducting business (as defined in PCC 6.04.010 *et. seq.* as a Booking Agent as defined in PCC 16.40.010 D or as an Operator as defined in PCC 6.04.010 M) within the City of Portland, Oregon, including through the use of the HomeAway.com and VRBO.com websites and similar websites operated by HomeAway, online platforms, and including contracting with owners and other persons providing short-term rentals as defined in 6.04.010 Q, unless and until HomeAway comes into compliance with the requirements of PCC Chapter 6.04 (Transient Lodgings Tax).

4.

This lawsuit also seeks to reduce assessed fines and presumptive taxes to judgment totaling $2,540,106.

**PARTIES**

5.

Plaintiff City of Portland is a municipal corporation of the State of Oregon duly organized and existing under the laws of the State of Oregon.

Page  2  –    COMPLAINT FOR DECLARATORY JUDGMENT

6.

Defendants HomeAway.com, Inc. and HomeAway, Inc., are Delaware corporations, and VRBO.com is a website operated by defendants, and provide a service to customers called HomeAway Payments (hereinafter collectively "HomeAway") with operations based in Austin, Texas, which are presently operating in Portland, Oregon, under the names of HomeAway.com and VRBO.com.

## VENUE AND JURISDICTION

7.

This Court has diversity jurisdiction over this matter pursuant to 28 USC §1332.  Venue is proper in the United States District Court, District of Oregon, Portland Division.

## FACTUAL ALLEGATIONS

8.

PCC Chapter 6.04, entitled "Transient Lodgings Tax," regulates the collection and remittance of taxes and imposes fines upon Booking Agents and Operators of short-term rentals for transient lodging occupancy for a period of 30 consecutive calendar days or less, counting portions of calendared days as full days.  PCC 6.04.010.

9.

The Revenue Division of the Bureau of Revenue and Financial Services of the City of Portland (hereinafter "Revenue Division") is responsible for enforcing the provisions of PCC Chapter 6.04.

10.

The provisions of PCC Chapter 6.04 provide a definition of "Operator" and "Booking Agent" under the transient lodgings tax.

/////

/////

Page  3  –     COMPLAINT FOR DECLARATORY JUDGMENT

11.

A "Booking Agent" means

> [A]n Operator or any person that provides a means through which a Host may offer a Short-Term Rental for transient lodging occupancy.  This service is usually, though not necessarily, provided through an online platform and generally allows a Host to advertise the Short-Term Rental through a website provided by the Booking Agent's hosting platform and provides a means for potential users to arrange transient lodging occupancy and payment, whether the transient pays rent directly to the Host or to the Booking Agent.  Booking Agents include, but are not limited to:
>
> **1.** Online travel booking sites which are involved in the process of listing and booking Short-Term Rental transient lodging occupancies and handle any aspect of the resulting financial transaction; and/or
>
> **2.** Online travel booking sites for Short-Term Rental transient lodging occupancy where advertisements of Short-Term Rental transient lodging occupancy rentals are displayed; and/or
>
> **3.** A hosting or other online site that provides a means through which an Operator, Host or agent may offer a Short-Term Rental unit for transient lodging occupancy.

PCC 6.04.010 D.

12.

An "Operator" means:

> [T]he person who is proprietor of the hotel in any capacity.  Where the operator performs his/her functions through a managing agent of any type or character other than an employee, the managing agent shall also be deemed an operator for the purposes of this Chapter and shall have the same duties and liabilities as his/her principal.  Compliance with the provisions of this Chapter by either the principal or managing agent shall be considered to be compliance by both.

PCC 6.04.010 M.

/////

/////

Page  4  –    COMPLAINT FOR DECLARATORY JUDGMENT

13.

A "Host" means:

> [T]he owner or person who resides at the Short-Term Rental or has
> been designated by the owner or resident to manage the Short-
> Term Rental and who rents out the Short-Term Rental for transient
> lodging occupancy either directly or through the use of a Booking
> Agent.

PCC 6.04.010 J.

14.

PCC Chapter 6.04 requires Booking Agents and/or Operators to comply with various

requirements outlined in Chapter 6.04.

15.

PCC 6.04.060 A governs registration by Operators and/or Booking Agents with the

Revenue Division and provides:

> **A.** Every person engaging or about to engage in business as an
> operator of a hotel in this City shall register with the Bureau on a
> form provided by the Bureau.  Operators starting business must
> register within 15 calendar days after commencing business.  The
> privilege of registration after the date of imposition of such tax
> shall not relieve any person from the obligation of payment or
> collection of tax regardless of registration.  Registration shall set
> forth the name under which an operator transacts or intends to
> transact business, the location of his place of business and such
> other information to facilitate the collection of the tax as the
> Bureau may require.  The registration shall be signed by the
> operator.

16.

Failure to comply with PCC 6.04.060 A is subject to violations and civil penalties as

provided in PCC 6.04.170.  That section provides, in pertinent part, as follows:

> **6.04.170 Violations.**
>
> It is unlawful for any Operator or other person so required to fail or
> refuse to register as required herein, or to furnish any return
> required to be made, or fail or refuse to furnish a supplemental

Page 5 –    COMPLAINT FOR DECLARATORY JUDGMENT

return or any other data required by the Bureau or to render a false or fraudulent return.  No person required to make, render, sign, or verify any report shall make any false or fraudulent report, with intent to defeat or evade the determination of any amount due required by this Chapter.  The Bureau Director may impose a civil penalty of up to $500 for each violation of this Chapter.  A violation includes, but is not limited to:

> ****

> **C.**  Failure to register a hotel or Short-Term Rental with the Bureau as described in Section 6.04.060;

17.

PCC Chapter 6.04.040 also governs additional duties of Booking Agents and Operators.

18.

PCC 6.04.040 B requires a Booking Agent or Operator to collect and remit the transient lodgings tax required for defined transactions and provides:

> **B.**  An Operator or Booking Agent that directly or indirectly accepts, receives or facilitates payment, including through Application Programming Interfaces (APIs) or other computerized devices where third party providers receive information about a transaction and collect funds that may or may not be transmitted to the operator, owner or other person offering a Short-Term Rental, for the transient lodging occupancy from a transient is required to collect, report and remit transient lodging taxes to the City of Portland in accordance with this Chapter.

19.

Failure to comply with PCC 6.04.040 B is subject to violations and civil penalties as provided in PCC 6.04.170.  That section provides, in pertinent part, as follows:

> **6.04.170 Violations.**

> It is unlawful for any Operator or other person so required to fail or refuse to register as required herein, or to furnish any return required to be made, or fail or refuse to furnish a supplemental return or any other data required by the Bureau or to render a false or fraudulent return.  No person required to make, render, sign, or verify any report shall make any false or fraudulent report, with intent to defeat or evade the determination of any amount due required by this Chapter.  The

Page  6  –    COMPLAINT FOR DECLARATORY JUDGMENT

Bureau Director may impose a civil penalty of up to $500 for each violation of this Chapter.  A violation includes, but is not limited to:

**A.**  Failure to file any required Transient Lodgings Tax payment and/or report, including any penalties and interest, within 60 days of the due date.

20.

PCC 6.04.060 A, B and C requires every person engaging in business as an operator of a hotel in the City of Portland to obtain a Transient Occupancy Registration Certificate by registering with the bureau on a form provided by the bureau that requires entities to provide the physical address of a transient lodging occupancy location within Portland and related contact information.  PCC 6.04.060 C provides:

**C.**  Said certificate shall, among other things, state the following:

**1.** The name of the operator;

**2.** The address of the hotel;

**3.** The date upon which the certificate was issued;

**4**. "This Transient Occupancy Registration Certificate signifies that the person named has fulfilled the requirements of the Transient Lodgings Tax Chapter of the City of Portland for the purpose of collecting and remitting the lodgings tax.  This certificate does not authorize any person to conduct any unlawful business or to conduct any lawful business in an unlawful manner, or to operate a hotel without strictly complying with all local applicable laws, including but not limited to those requiring a permit from any board, commission, department or office of the City of Portland.  This certificate does not constitute a permit."

21.

Failure to comply with the provision of PCC 6.04.060 C constitutes a violation under PCC 6.04.170 E, which provides in pertinent part:

**6.04.170 Violations.**

It is unlawful for any Operator or other person so required to fail or refuse to register as required herein, or to furnish any return required to be made, or fail or refuse to furnish a supplemental return or any other data required by the Bureau or to render a false or fraudulent

Page  7  –    COMPLAINT FOR DECLARATORY JUDGMENT

return.  No person required to make, render, sign, or verify any report shall make any false or fraudulent report, with intent to defeat or evade the determination of any amount due required by this Chapter.  The Bureau Director may impose a civil penalty of up to $500 for each violation of this Chapter.  A violation includes, but is not limited to:

       \*\*\*\*

**E.**  Failure to provide any data or other information requested by the Bureau, including but not limited to, the physical address of a transient lodging occupancy location within Portland and the related contact information.

22.

PCC 6.04.060 D requires entities to prominently display in the advertising the Accessory Short-Term Rental Permit or case file number.  PCC 6.04.060 D provides:

**D.**  Operators of Type A and Type B accessory short-term rentals as described in Section Chapter 33.207 must include their Type A Permit Number or Type B Conditional Use case file number, as applicable, in all advertising and other listing services. No person shall advertise or otherwise represent that an accessory short-term rental has received approval unless that person holds a current, valid permit or Conditional Use case file. Additionally, this Permit Number or Conditional Use case file number shall be prominently displayed in the rental unit so as to be seen by all short-term occupants.

23.

Failure to comply with PCC 6.04.060 D is subject to violations and civil penalties found in PCC 6.04.170 G, which provides:

**6.04.170 Violations.**

It is unlawful for any Operator or other person so required to fail or refuse to register as required herein, or to furnish any return required to be made, or fail or refuse to furnish a supplemental return or any other data required by the Bureau or to render a false or fraudulent return.  No person required to make, render, sign, or verify any report shall make any false or fraudulent report, with intent to defeat or evade the determination of any amount due required by this Chapter.  The Bureau Director may impose a civil penalty of up to $500 for each violation of this Chapter.  A violation includes, but is not limited to:

Page  8  –    COMPLAINT FOR DECLARATORY JUDGMENT

****

**G.**  Failure by a Booking Agent to prominently display the
Accessory Short-Term Rental permit or case file number.

24.

PCC 6.04.090 provides for deficiency determinations and the assessment of presumptive

taxes that should be filed and remitted.  PCC 6.04.090 A provides as follows:

**6.04.090 Deficiency Determination; Fraud, Evasion, Operator
Delay.**

**A.**  Deficiency determinations.  If the Bureau determines that a
return is incorrect, that required reports or returns have not been
filed, or that an operator has otherwise failed to comply with the
terms of the Code, it may compute and determine or estimate the
amount required to be paid based on the facts contained in the
return or returns or any other information reasonably within its
possession. Once a deficiency determination is made, the amount
is due and payable ten days after service of a deficiency notice
from the Bureau.  The Bureau may also determine and assess
penalties and interest as set forth in Section 6.04.080.

**1.**  In making a determination, the Bureau may offset
overpayments, if any, which may have been previously made for a
period or periods against any deficiency for a subsequent period or
periods, or against penalties and interest on the deficiency.

**2.**  The Bureau shall give to the operator or transient (in the case of
a refund request) a written notice of its determination.  The notice
may be served personally or by mail.  If by mail, the notice shall be
addressed to the operator at his/her address as it appears on the
records of the Bureau or as the Bureau can best determine if the
operator has not provided that information to the Bureau.  In case
of service by mail or any notice required by this Chapter, the
service is complete at the time of deposit with the United States
Post Office.

**3.**  Any deficiency is due and payable 10 days after the Bureau
serves its written notice.  The operator or transient (in the case of a
refund request) may petition for a redetermination if the petition is
filed within 10 days of service as provided in Section 6.04.100.
Nothing prohibits the Bureau from extending the time for petition
beyond 10 days at its discretion.

**4.**  Except as provided herein, every deficiency determination shall
be made and notice mailed within 3 years after a return was

Page  9  –     COMPLAINT FOR DECLARATORY JUDGMENT

originally filed or subsequently amended, whichever period expires
later.   In the case of the filing of a false or fraudulent return with
the intent to evade this Chapter, a failure to file a required return,
or willful refusal to collect and remit the tax, a deficiency
determination may be made, or a proceeding for the collection of
such deficiency may be commenced, at any time.

25.

Presumptive taxes are made in accordance with both the City and the Country Transient

Lodgings Tax Ordinances.  PCC 6.04.010, *et seq.*; MCC § 11.400, *et. seq.*  The Ordinances

provide that "[e]very operator renting rooms or space for lodging or sleeping purposes in this

[jurisdiction], the occupancy of which is not exempted under the terms of this Chapter, shall

collect a tax from the transient" to be turned over to the City of County.  PCC 6.04.030 A;

*accord* MCC § 11.403(A).  The tax is paid "[f]or the privilege of occupancy."  PCC 6.04.020;

MCC § 11.401(A).  The amount of the tax is 6 percent of the "rent" charged by the operator in

the City Ordinance, PCC 6.04.020, and 11.5 percent of the "rent" charged by the operator in

the County Ordinance, MCC § 11.401(A), although the 6 percent City tax is credited against the

11.5 percent due to the County, MCC § 11.419.

26.

Failure to provide data to the Revenue Division including but not limited to the physical

address of a transient lodging occupancy location within Portland and related contact information

also is subject to violations and civil penalties found in PCC 6.04.170 E, which provides:

**6.04.170 Violations.**

It is unlawful for any Operator or other person so required to fail or
refuse to register as required herein, or to furnish any return
required to be made, or fail or refuse to furnish a supplemental
return or any other data required by the Bureau or to render a false
or fraudulent return.  No person required to make, render, sign, or
verify any report shall make any false or fraudulent report, with
intent to defeat or evade the determination of any amount due
required by this Chapter.  The Bureau Director may impose a civil
penalty of up to $500 for each violation of this Chapter.  A
violation includes, but is not limited to:

Page  10  –   COMPLAINT FOR DECLARATORY JUDGMENT

****

**E.** Failure to provide any data or other information requested by the Bureau, including but not limited to, the physical address of a transient lodging occupancy location within Portland and the related contact information.

27.

Through third parties, HomeAway offers several ancillary products and services that include credit card merchant processing and eChecks which allows payment by accepting, receiving, or facilitating payments for rentals, insurance products, and tax return services which help their listing owners comply with applicable tax regulations.  These products and services are integrated into HomeAway's property owner and manager tools for which HomeAway receives a percentage of the revenue generated from the sale of these products and services.

28.

HomeAway is illegally operating in the City of Portland in violation of PCC Chapter 6.04.

29.

HomeAway with its affiliated entities operates the largest national and international online marketplace in the vacation rental industry.  From 2006 to 2014, the number of listings on HomeAway's network of websites grew from five websites with 60,000 listings to multiple sites with listings in 190 countries around the world.  The number of listings on HomeAway's websites now surpasses 1,000,000 (one million) listings worldwide.

30.

HomeAway and its affiliated Hosts have continually failed to comply with the requirements and duties established in PCC Chapter 6.04 after numerous warnings and assessed fines.  To date, the violations of PCC Chapter 6.04 continue.

For example, as specified in the City's October 7, 2015, Revised Notice, HomeAway, doing business as HomeAway.com and VRBO.com, is in violation of the Portland City Code in

Page 11 – COMPLAINT FOR DECLARATORY JUDGMENT

the following ways:

1. Failure to register with the Revenue Division within 15 calendar days after commencing business.  As a Booking Agent and/or an Operator, HomeAway is subject to this requirement (PCC 6.04.060 A, 6.04.170 C)

2. Failure to collect and remit the Transient Lodging Tax as required (PCC 6.04.040 B, 6.04.170 A).

3. Failure to provide the physical address of a transient lodging occupancy location within Portland and the related contact information upon request by the Revenue Division (PCC 6.04.060 C, 6.04.170 E).

4. Failure to prominently display in the advertising on HomeAway.com and VRBO.com the Accessory Short-Term Rental permit or case file number. (PCC 6.04.060 D, 6.04.170 G).

5. Because transient lodging taxes have not been remitted, failure to pay presumptive taxes that should have been filed and remitted from listing sites. (PCC 6.04.090A).

6. Failure to provide address and contact information of local Hosts by June 20, 2015, upon request by the Revenue Division. (PCC 6.04.170E).

31.

HomeAway operates as both a Booking Agent and Operator as defined and regulated in PCC Chapter 6.04.

32.

The requirements of PCC Chapter 6.04 along with any penalties assessed for violations are applied to Booking Agents and Operators.  It is not a defense to any regulatory action, including penalties, fines and taxes to assert that the City cannot act.

33.

Under PCC Chapter 6.04, entities like HomeAway cannot operate in the City of Portland in violation of Chapter 6.04.  This includes the requirements to register, to collect and remit transient lodgings tax, to provide the physical address of a transient lodging occupancy location within Portland and the related contact information upon request and to prominently display in

Page  12  –   COMPLAINT FOR DECLARATORY JUDGMENT

any advertising on HomeAway.com and VRBO.com the Accessory Short-Term Rental permits or case file numbers.

34.

The City of Portland asserts that HomeAway is a Booking Agent as defined in PCC 6.04.010 D and is therefore in violation of PCC 6.04.060 A, 6.04.040 B, 6.04.060 C, 6.04.060 D and subject to fines under PCC 6.04.170 A, E and G.

35.

In addition to the violations outlined in ¶ 34 immediately above, because transient lodging taxes have not been remitted as a Booking Agent, the Revenue Division has assessed presumptive taxes that should have been filed and remitted from HomeAway in accordance with PCC 6.04.090 A.

36.

The City of Portland asserts that HomeAway is an Operator as defined in PCC 6.04.010 M and is therefore in violation of PCC 6.04.060 A, 6.04.040 B, 6.04.060 C, 6.04.060 D and subject to fines under PCC 6.04.170 A, E and G.

37.

Additionally, any individual or family residing in a dwelling unit who rents bedrooms to overnight guests for less than 30 days must obtain an Accessory Short-Term Rental permit which includes a safety inspection to protect the public.  PCC 33.207.

38.

Operators of such Accessory Short-Term rentals and HomeAway as an Operator and/or Booking Agent are required to include the permit number or case file number in all advertising and listing services.  PCC 6.04.060 D, 6.04.170 G.  HomeAway has provided no evidence of compliance with these requirements or provided the physical address and contact information for Short-Term Rental listings on its websites to the Revenue Division.

Page 13  –   COMPLAINT FOR DECLARATORY JUDGMENT

39.

In addition to the violations outlined in ¶ 36 above, because transient lodging taxes have not been remitted as an Operator, the Revenue Division has assessed presumptive taxes that should have been filed and remitted from HomeAway in accordance with PCC 6.04.090 A.

40.

On January 30, 2015, the Revenue Division sent HomeAway Notice letters that on January 21, 2015, the Portland City Council passed Ordinance No.186985 (amendments to PCC Chapter 6.04). (*See* Exhibits 1, 2). On March 5, 2015, the Revenue Division sent HomeAway a Notice of Non-Compliance letter regarding PCC Chapter 6.04. (*See* Exhibit 3). On May 19, 2015, the Revenue Division sent HomeAway.com, Inc. a Notice of Violation of PCC Chapter 6.04. (*See* Exhibit 4). On June 3, 2015, the Revenue Division sent VRBO.com a Notice of Violation of PCC Chapter 6.04. (*See* Exhibit 5).

41.

The May 19, 2015, and June 3, 2015, notices also included a "Your Right to Appeal" Notice. (*See* Exhibit 6).

42.

HomeAway has not complied with the appeal provisions noticed in Exhibit 6 and accompanying Portland City Code.

43.

In the May 19, 2015, and June 3, 2015, notices, the Revenue Division required HomeAway.com and VRBO.com to provide address and contact information of local hosts by June 20, 2015. HomeAway did not provide any such information to Revenue for the listings on either booking site. Failure to provide any data requested by Revenue is a violation of Portland City Code resulting in a civil penalty of up to $500 for each violation in accordance with PCC 6.04.170 E.

Page  14  –   COMPLAINT FOR DECLARATORY JUDGMENT

44.

On October 7, 2015, the Revenue Division sent HomeAway a revised Notice of Violation regarding PCC Chapter 6.04 referencing the May 19, 2015, Notice and June 3, 2015, Notice. (*See* Exhibit 7).

45.

The October 7, 2015, Notice of Violation or Revised Notice of Violation also included the "Your Right to Appeal" Notice.  (*See* Exhibit 8).

46.

The October 7, 2015, Revised Notice of Violation together with the Your Right to Appeal Notice required HomeAway to pay $2,540,106 and submit a Petition for Redetermination no later than October 19, 2015.  At the time of the filing of this Complaint, no fines have been paid, no taxes have been paid, and no valid petition has been filed by HomeAway.

47.

Currently, HomeAway is illegally operating as a Short-Term Rental company in violation of PCC Chapter 6.04.  In so doing, HomeAway is willfully refusing to comply with the Portland City Code and the regulations therein which were enacted to protect the people of the City of Portland.

48.

A cease-and-desist letter was sent to HomeAway on October 20, 2015.  (*See* Exhibit 9).

/////

/////

/////

/////

/////

/////

Page  15  –   COMPLAINT FOR DECLARATORY JUDGMENT

## FIRST CLAIM FOR RELIEF – UNLAWFUL ACTIVITY

(Declaratory Judgment Under ORS 28.010, 28.020, Portland City Charter 1-103, ORS 30.310, ORS 30.315 Declaring that HomeAway is Subject to Chapter 6.04 of the Portland City Code as a Booking Agent and is in Violation of the Portland City Code Chapter 6.04 as a Booking Agent)

49.

The allegations contained in paragraphs 1 through 48, above, are hereby incorporated by this reference.

50.

HomeAway is subject to the provisions of PCC Chapter 6.04 as a Booking Agent.

51.

HomeAway is in violation of PCC Chapter 6.04 as a Booking Agent.

52.

HomeAway's failure to comply with PCC Chapter 6.04 as a Booking Agent harms the public interest by depriving the public of the rights and protections provided in Chapter 6.04.

## SECOND CLAIM FOR RELIEF – UNLAWFUL ACTIVITY

(Declaratory Judgment Under ORS 28.010, 28.020, Portland City Charter 1-103, ORS 30.310, ORS 30.315 Declaring that HomeAway is subject to Chapter 6.04 of the Portland City Code as an Operator and is in violation of the Portland City Code Chapter 6.04 as an Operator)

53.

The allegations contained in paragraphs 1 through 52, above, are hereby incorporated by this reference.

54.

HomeAway is subject to the provisions of PCC Chapter 6.04 as an Operator.

55.

HomeAway is in violation of PCC Chapter 6.04 as an Operator.

56.

HomeAway's failure to comply with PCC Chapter 6.04 as an Operator harms the public interest by depriving the public of the rights and protections provided in Chapter 6.04.

Page  16 –   COMPLAINT FOR DECLARATORY JUDGMENT

### THIRD CLAIM FOR RELIEF – REDUCING FINES TO JUDGMENT

(Action Under ORS Portland City Charter 1-103, ORS 30.310 and ORS 30.315 to Reduce Fines to Judgment Against HomeAway for its Violations of Chapter 6.04 as a Booking Agent)

57.

The allegations contained in paragraphs 1 through 56 are hereby incorporated by this reference.

58.

As outlined in the Revised Notice of Violation letter dated October 7, 2015, HomeAway.com and VRBO.com have been assessed civil penalties in the amount of $491,500 and $516,000 respectively, totaling $1,007,500 for violations of PCC Chapter 6.04 as a Booking Agent. HomeAway is in violation and subject to fines in accordance with PCC Chapter 6.04.

59.

On October 7, 2015, HomeAway was provided a Revised Notice of Violation outlining the amounts of fines. At the time of the filing of this complaint, no fines have been paid and no valid petition has been filed by HomeAway.

60.

Therefore, the fines in the amount of $1,007,500, plus interest and penalties allowed under Chapter 6.04, should be reduced to judgment.

### FOURTH CLAIM FOR RELIEF – REDUCING FINES TO JUDGMENT

(Action Under ORS Portland City Charter 1-103, ORS 30.310 and ORS 30.315 to Reduce Fines to Judgment Against HomeAway for its Violation of Chapter 6.04 as an Operator)

61.

The allegations contained in paragraphs 1 through 60 are hereby incorporated by this reference.

/////

/////

62.

Page 17 –   COMPLAINT FOR DECLARATORY JUDGMENT

As outlined in the Revised Notice of Violation letter dated October 7, 2015, HomeAway.com and VRBO.com have been assessed civil penalties in the amount of $491,500 and $516,000 respectively, totaling $1,007,500 for violations of PCC Chapter 6.04 as an Operator.  HomeAway is in violation and subject to fines in accordance with PCC Chapter 6.04.

63.

On October 7, 2015, HomeAway was provided a Revised Notice of Violation outlining the amounts of fines.  At the time of the filing of this complaint, no fines have been paid and no valid petition has been filed by HomeAway.

64.

Therefore, the fines in the amount of $1,007,500, plus interest and penalties allowed under Chapter 6.04, should be reduced to judgment.

**FIFTH CLAIM FOR RELIEF – REDUCING PRESUMPTIVE TAXES TO JUDGMENT**
(Action Under ORS Portland City Charter 1-103, ORS 30.310 and  ORS 30.315 to Reduce Taxes to Judgment Against HomeAway for its Violation of Chapter 6.04 as a Booking Agent)

65.

The allegations contained in paragraphs 1 through 64 are hereby incorporated by this reference.

66.

As outlined in the Revised Notice of Violation letter dated October 7, 2015, HomeAway.com and VRBO.com have been assessed presumptive taxes in the amount of $766,303 and $766,303 respectively, totaling $1,532,606 for violations of PCC Chapter 6.04 as a Booking Agent.  HomeAway is in violation and subject to taxes in accordance with PCC Chapter 6.04.

/////

/////

/////

Page  18  –   COMPLAINT FOR DECLARATORY JUDGMENT

67.

On October 7, 2015, HomeAway was provided a Revised Notice of Violation outlining the amounts of taxes.  At the time of the filing of this complaint, no taxes have been paid and no valid petition has been filed by HomeAway.

68.

Therefore, the presumptive taxes in the amount of $1,532,606, plus interest and penalties allowed under Chapter 6.04, should be reduced to judgment.

**SIXTH CLAIM FOR RELIEF – REDUCING PRESUMPTIVE TAXES TO JUDGMENT**
(Action Under ORS Portland City Charter 1-103, ORS 30.310 and  ORS 30.315 to Reduce Taxes to Judgment Against HomeAway for its Violation of Chapter 6.04 as an Operator)

69.

The allegations contained in paragraphs 1 through 68 are hereby incorporated by this reference.

70.

As outlined in the Revised Notice of Violation letter dated October 7, 2015, HomeAway.com and VRBO.com have been assessed civil penalties in the amount of $766,303 and $766,303 respectively, totaling $1,532,606 for violations of PCC Chapter 6.04 as an Operator.  HomeAway is in violation and subject to taxes in accordance with PCC Chapter 6.04.

71.

On October 7, 2015, HomeAway was provided a Revised Notice of Violation outlining the amounts of taxes.  At the time of the filing of this complaint, no taxes have been paid and no valid petition has been filed by HomeAway.

/////

/////

/////

/////

Page  19  –   COMPLAINT FOR DECLARATORY JUDGMENT

72.

Therefore, the presumptive taxes in the amount of $1,532,606, plus interest and penalties

allowed under Chapter 6.04, should be reduced to judgment.

## SEVENTH CLAIM FOR RELIEF – INJUNCTION – COURT INTERVENTION NECESSARY TO INSURE UNLAWFUL ACTIVITIES CEASE

73.

The allegations contained in paragraphs 1 through 72, above, are hereby incorporated by

this reference.

74.

This court has jurisdiction to enjoin HomeAway in accordance with FRCP 65, Chapter

1-103 of the Charter of the City of Portland, PCC Chapter 6.04 and 33.207, ORS 28.010, ORS

28.020, ORS 30.310, and ORS 30.315.

75.

An injunction would be appropriate because HomeAway is illegally providing

Short-Term Rentals without complying with numerous provisions of PCC Chapter 6.04, which

are designed to protect the public health, safety, and welfare outlined above.  The list of statutory

violations outlined above is not exclusive, and plaintiff reserves the right to rely on other and

further violations of the law which are discovered in the course of discovery and investigation

into this matter.

76.

HomeAway's above-listed operation poses an immediate, real, and substantial violation

of the Portland City Code.

77.

HomeAway's operations pose an immediate, real, and substantial threat to the public

including, but not limited to, the fact that HomeAway lists properties in the City of Portland for

short-term rental which have not complied with health and safety inspections required of

Page  20  –   COMPLAINT FOR DECLARATORY JUDGMENT

accessory short-term rentals under PCC 33.207.  Further, the City is being deprived of revenue from transient lodging taxes required from any short-term rental.  Finally, the public is unwittingly deprived of the benefits and protections of Portland City Code by virtue of the fact that HomeAway willfully ignores such laws and disclaims any responsibility.

78.

City of Portland seeks an injunction immediately enjoining HomeAway from conducting business as a Booking Agent or Operator within the City of Portland, Oregon, including the use of any smartphone application, website or other platform and including contracting with unpermitted property owners, unless and until HomeAway comes into compliance with the provisions of PCC Chapter 6.04 (Transient Lodgings Tax).

79.

No equitable defenses exist and the public interest would be served by granting an injunction.

80.

Plaintiff demands a jury trial pursuant to FRCP 38 on all issues.

WHEREFORE, based upon the foregoing, the City of Portland seeks an order as follows:

(a)    For an order declaring that HomeAway is subject to Chapter 6.04 of the Portland City Code as a Booking Agent and that HomeAway is in violation of Chapter 6.04 of the Portland City Code as a Booking Agent.

(b)    For an order declaring that HomeAway is subject to Chapter 6.04 of the Portland City Code as an Operator and that HomeAway is in violation of Chapter 6.04 of the Portland City Code as an Operator.

(c)    That all fines and taxes issued against HomeAway as a Booking Agent be reduced to judgment plus interest and penalties allowed by law.

/////

Page  21  –   COMPLAINT FOR DECLARATORY JUDGMENT

(d)     That all fines and taxes assessed against HomeAway as an Operator be reduced to judgment plus interest and penalties allowed by law.

(e)     That a preliminary injunction be issued immediately enjoining HomeAway from conducting business under Chapter 6.04 of the Portland City Code within the City of Portland, Oregon including through the use of any smartphone application, website or other similar means of operation and including contracting with property owners, unless and until HomeAway comes into compliance with the provisions of Chapter 6.04 of the Portland City Code.

(f)     That the court, after a trial on the merits, issue a permanent injunction against HomeAway, enjoining it from operating as a short-term rental company in the City of Portland, Oregon.

(g)     For its reasonable attorney's fees and costs and whatever other relief the court deems just and proper in this case.

Dated:  October 21, 2015

Respectfully submitted,

*/s/ J. Scott Moede*
J. SCOTT MOEDE, OSB # 934816
Chief Deputy City Attorney
KENNETH A. McGAIR, OSB #990148
Senior Deputy City Attorney
DENIS VANNIER, OSB #044406
Deputy City Attorney
SIMON WHANG, OSB #035282
Deputy City Attorney
Telephone: (503) 823-4047

Page  22  –   COMPLAINT FOR DECLARATORY JUDGMENT